UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| DEREK PEEK, | ) | |
|---|---|---|
| | ) | Case Nos. 1:22-cv-215; 1:19-cr-76 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner Derek Peek's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1 in Case No. 1:22-cv-215; Doc. 395 in Case No. 1:19-cr-76.) For the following reasons, the Court will **DENY** Petitioner's motion.

On April 14, 2021, Petitioner and the Government entered a plea agreement, in which Petitioner agreed to plead guilty to: (1) one count of possession of a mixture or substance containing a detectable amount of methamphetamine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and (2) one count of possessing a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Doc. 249 in Case No. 1:19-cr-76.) Petitioner's plea agreement included the following factual basis for his guilty plea:

> a. On November 26, 2018, ATF Special Agent Adam Baldwin observed Derek Peek leave the Lee Manor Apartments in Athens, Tennessee, and drive to the parking lot of the Walmart in Athens, Tennessee. Upon receiving information from a confidential informant ("CI") that Peek had traveled to the Walmart parking lot at that time to deliver an ounce of methamphetamine at the CI's request, SA Baldwin and Athens Police Department ("APD") officers approached Peek's car and spoke with Peek, the sole occupant. Officers asked Peek to exit the

vehicle, which he did. Peek gave oral consent to search his person and vehicle. APD Sgt. Byers found an Acrus 98DA 9mm pistol, loaded with one round of ammunition, under the driver's seat. Peek was then handcuffed, and when officers mentioned the gun, he blurted "Oh! I forgot about that," and kept repeating similar statements to that effect. Upon further search of the vehicle, Sgt. Byers found 28 grams (about an ounce) of methamphetamine ice in a baggie in a compartment next to the steering wheel.

    b.   Peek admits that he possessed the 28 grams of methamphetamine ice found in his vehicle on November 26, 2018, and that he intended to distribute it to someone at the Walmart parking lot on that date.

    c.   Peek admits that he knowingly possessed a firearm in furtherance of a drug trafficking crime. Specifically, he admits that he possessed the 9mm pistol found under the driver seat of his vehicle on November 26, 2018, in furtherance of his possession of, with intent to distribute, the 28 grams of methamphetamine found in his vehicle on that date.

    d.   These events all happened in the Eastern District of Tennessee.

(*Id*. at 3.)

On October 1, 2021, after accepting Petitioner's guilty plea, the Court sentenced Petitioner to a total of 105 months' imprisonment, comprised of forty-five months' imprisonment on the methamphetamine offense and sixty months' imprisonment for possessing a firearm in furtherance of a drug-trafficking crime, to be served consecutively. (Docs. 357, 362 in Case No. 1:19-cr-76.) Petitioner did not appeal his conviction or sentence to the United States Court of Appeals for the Sixth Circuit. On August 23, 2022, Petitioner filed the instant § 2255 motion, arguing that his conviction under 18 U.S.C. § 924(c) is unconstitutional based on the Supreme Court's decisions in *Johnson v. United States*, 576 U.S. 591 (2015), and *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), because he "never brandished a firearm in furtherance of a crime of violence or any other variance of another crime." (Doc. 1, at 8 in Case No. 1:22-cv-215.)

To obtain relief under Title 28, United States Code, Section 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire

proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). The petitioner "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

In this case, the record conclusively demonstrates that Petitioner is not entitled to relief under § 2255. In *Johnson v. United States*, which was decided six years before Petitioner was sentenced, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague. 576 U.S. at 606. In *Sessions v. Dimaya*, which was decided three years before Petitioner was sentenced, the Supreme Court similarly held that the residual clause of the federal criminal code's definition of "crime of violence" was also unconstitutionally vague. 138 S.Ct. at 1223. Petitioner, however, was not sentenced based on an enhancement under the ACCA or under the federal criminal code's definition of crime of violence. Rather, Petitioner was charged with and pleaded guilty to possessing a firearm in furtherance of a drug-trafficking crime under 18 U.S.C. § 924(c)(1)(A)(i). As a result, neither *Johnson* nor *Dimaya* impacted Petitioner's conviction or sentence.[1] Accordingly, Petitioner cannot demonstrate that he is entitled to relief under § 2255.

For the reasons stated herein, the Court **DENIES** Petitioner's § 2255 motion. (Doc. 1 in Case No. 1:22-cv-215; Doc. 395 in Case No. 1:19-cr-76.). To the extent Petitioner requests that the Court appoint him counsel in connection with seeking relief under § 2255, the motion is

---

[1] In fact, Petitioner was sentenced to a period of incarceration significantly less than even his applicable guidelines range.

**DENIED** because it plainly appears from the petition that Petitioner is not entitled to relief. *See* Rule 4 of the Rules Governing Section 2255 Cases. Should Petitioner give timely notice of an appeal from this Order, such notice will be treated as an application for a certificate of appealability, which is hereby **DENIED** since he has failed to make a substantial showing of the denial of a constitutional right or "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court [is] correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *see also* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Additionally, the Court has reviewed this case pursuant to Rule 24 of the Federal Rules of Appellate Procedure and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is **DENIED**. *See* Fed. R. App. P. 24

    **AN APPROPRIATE JUDGEMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**